■ It must also not be unconsciona-ble. Unconscionability is a concept that is used sparingly.[5] Traditionally, an uncon-scionable contract is one which "no man in his senses and not under delusion would make on the one hand, and as no honest or fair man would accept, on the other."[6] "But mere disparity between the bargain-ing powers of parties to a contract will not support a finding of unconscionability."[7] "[T]here must be an absence of meaningful choice and contract terms unreasonably favorable to one of the parties."[8] There is no deprivation of meaningful choice if a party can walk away from the contract.[9] Here, DeShaun was free to accept the Planet Fitness membership or not. The Superior Court did not err in concluding that the release is not unconscionable.

■ Finally, the release must not vio-late public policy. The public policy of this state is typically determined by the Dela-ware General Assembly. No Delaware statute has been identified which bears on the validity of a release of prospective negligence. The Ketlers argue that the release violates the public policy embodied in the principle that a property owner has a duty to make his property safe for busi-ness invitees. However, a general release by its nature releases a party from a po-tential liability otherwise imposed by law. The public policy involved must be one which disapproves of the release.

---

5. *See Progressive Int'l Corp. v. E.I. Du Pont de Nemours & Co.*, 2002 WL 1558382, at *11 (Del.Ch. July 9, 2002) (discussing the reluc-tance of courts to apply the doctrine).

6. *Reserves Mgmt., LLC v. Am. Acquisition Prop., LLC*, 2014 WL 823407, at *9 (Del. Feb. 28, 2014) (internal quotations omitted).

7. *Id.*

8. *Tulowitzki v. Atl. Richfield Co.*, 396 A.2d 956, 960 (Del.1978).

For the foregoing reasons, the judgment of the Superior Court is **AFFIRMED**.

**IRONWORKERS DISTRICT COUNCIL OF PHILADELPHIA & Vicinity Re-tirement & Pension Plan, Plaintiff Below–Appellant,**

v.

**Lamberto ANDREOTTI, Bart Baudler, John Bedbrook, Samuel W. Bodman, James Borel, Richard H. Brown, Rob-ert A. Brown, Dennis Byron, Bertrand P. Collomb, Thomas M. Connelly, Daniel J. Cosgrove, Curtis J. Craw-ford, Alexander M. Cutler, John T. Dillon, Eleuthere I. Du Pont, Erik Fyrwald, Marillyn A. Hewson, Charles O. Olliday, Robert C. Iwig, Daniel E. Jacobih, William K. Reilly, T, Lois D. Juliber, Jeffrey L. Keefer, Ellen Kull-man, Michael Lassner, Tracy Linbo, Carl J. Lukach, Judith McKay, Wil-liam Niebur, Dean Oestreichomas L. Sager, Paul Schickler, John Soper, Lee M. Thomas, Patrick J. Ward, De-fendants Below–Appellees,**

**and**

---

9. *See Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 913 (Del.1989) (finding the doctrine of unconscionability inapplicable, in part, because the plaintiffs had the opportuni-ty to cancel the insurance policy); *Progressive*, 2002 WL 1558382, at *11 (rejecting the plain-tiff's unconscionability argument, in part, be-cause nothing had prevented the plaintiff from walking away from a contract with al-legedly unfavorable terms).

E.I. Du Pont De Nemours and Company, Nominal Defendant Below–Appellee.

No. 286, 2015

Supreme Court of Delaware.

Submitted: January 27, 2016

Decided: January 28, 2016

AFFIRMED.

Richard B. CAREY and Carey's Home Construction, LLC, Plaintiffs Below, Appellants,

v.

The ESTATE OF David L. MYERS and Arlene Myers, Defendants Below, Appellees.

No. 407, 2015

Supreme Court of Delaware.

Decided: January 28, 2016

Submitted: January 20, 2016

AFFIRMED.

ASBESTOS WORKERS LOCAL 42 PENSION FUND, derivatively on behalf of Nominal Defendant JPMorgan Chase & Co., a Delaware corporation, Plaintiff Below–Appellant,

v.

Linda B. BAMMANN, et al., Defendants Below–Appellees,

and

JPMorgan Chase & Co., Nominal Defendant Below–Appellee.

No. 322, 2015

Supreme Court of Delaware.

Submitted: January 27, 2016
Decided: January 28, 2016

AFFIRMED.

David C. DAVIS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 578, 2015

Supreme Court of Delaware.

Submitted: December 14, 2015
Decided: January 28, 2016

GRANTED.